**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| ORLANDO HERNANDEZ,              ) | |
|     ID # 126-067655,                    ) | |
|         Plaintiff,                        ) | |
| vs.                                                  ) | No. 3:16-CV-2920-D-BH |
|                                                         ) | |
| JOHNSON COUNTY SHERIFF'S     ) | |
| OFFICE, et al.,                              ) | |
|         Defendants.                    ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this *pro se* prisoner case has been automatically referred for judicial screening. Based on the relevant filings and applicable law, the case should be dismissed without prejudice for failure to prosecute or follow orders of the court.

**I. BACKGROUND**

On October 18, 2016, the plaintiff filed this civil rights action using the standard form for prisoners filing a civil rights complaint under 42 U.S.C. § 1983. (*See* doc. 3.) Page two of the form specifically states:

**CHANGE OF ADDRESS**

> It is your responsibility to inform the Court of any change of address and its effective date. Such notice should be marked "**NOTICE TO THE COURT OF CHANGE OF ADDRESS**" and shall not include any motion(s) for any other relief. Failure to file a **NOTICE TO THE COURT OF CHANGE OF ADDRESS** may result in the dismissal of your complaint pursuant to Rule 41(b), Federal Rules of Civil Procedure.

*Id.* By *Notice of Deficiency and Order* dated October 19, 2016, the plaintiff was notified that he had not paid the filing fee or submitted an application to proceed *in forma pauperis* (IFP). (*See* doc. 4.) Attached to the order was a copy of the form IFP application to proceed. *See id.* The order specifically advised the plaintiff that he must either pay the filing fee or file his IFP application

within thirty days, and that a failure to do so could result in the dismissal of his case. *Id.* On November 1, 2016, the order mailed to the address provided by the plaintiff was returned as undeliverable. (*See* doc. 5.) It appears that the plaintiff has changed addresses without notifying the Court as directed. In addition, more than thirty days from the date of the order have passed, but the plaintiff has not paid the filing fee, filed an IFP application, or filed anything else in this case.

## II. INVOLUNTARY DISMISSAL

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (§ 1983 prisoner action). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). The complaint form advised the plaintiff that failing to file a change of address could result in dismissal of this action, but he failed to do so, and an order of the court has been returned as undeliverable. The plaintiff also failed to comply with the October 19, 2016 order that he pay the filing fee or submit an IFP application despite a warning that failure to do so could result in dismissal of the case. He has not filed anything else in the case. Because the plaintiff failed to follow a court order or otherwise show that he intends to proceed with this case, it should be dismissed under Rule 41(b) for failure to prosecute or follow orders.

## III. RECOMMENDATION

This case should be dismissed without prejudice under Fed. R. Civ. P. 41(b) for failure to prosecute or follow orders of the court, unless the plaintiff files a notice of change of address and either pays the filing fee or submits his completed application to proceed *in forma pauperis* within

the time for objecting to this recommendation, or some other deadline set by the court.

**SO RECOMMENDED on this 7th day of December, 2016.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

3